# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>  Plaintiff,<br><br>  v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | Case No. 1:13-cv-00332-AWI-SAB<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY (30) DAYS**<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Timothy Luckey ("Plaintiff") is proceeding pro se and in forma pauperis in this action filed on March 8, 2013. (ECF No. 1.)

**I.**

**SCREENING**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case filed by a plaintiff proceeding in forma pauperis if the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's narrative complaint describes a series of events where Plaintiff threatened to file a complaint with the U.S. Equal Employment Opportunity Commission ("the EEOC") and entered into a settlement agreement.  Plaintiff's complaint names the Visalia Unified School District ("VUSD") as defendant.  However, VUSD is scarcely mentioned in the complaint.  Accordingly, it is not clear how VUSD is liable for any claims brought in Plaintiff's lawsuit.

Plaintiff was dismissed from his job on March 22, 2010.  Plaintiff does not identify what his job was, but based on the allegations in the complaint, Plaintiff worked with children at a school.

Plaintiff had a meeting with Fernie Marroquin on March 26, 2010 in his office.  Plaintiff does not identify who Mr. Marroquin is, what his position was or the nature of the relationship between Plaintiff and Mr. Marroquin.  Presumably, Mr. Marroquin also works at the unidentified school and may have been Plaintiff's supervisor.

At the meeting, Mr. Marroquin explained to Plaintiff that he was not being dismissed, but he was receiving a reprimand from a principal, Jim Sullivan.  Presumably, Mr. Sullivan is another supervisor of Plaintiff's.  Mr. Marroquin further informed Plaintiff that, due to budget cuts, he would only be working fifteen minutes per day the following year.

/ / /

1   On April 9, 2010, Plaintiff handed Mr. Marroquin a complaint that Plaintiff intended to file with the EEOC. Plaintiff's complaint does not describe the contents or the nature of the EEOC complaint. Mr. Marroquin and Plaintiff had another meeting where Plaintiff was asked to resign. Mr. Marroquin handed Plaintiff a letter explaining that Plaintiff would be terminated. Plaintiff refused to resign.

Mr. Marroquin then made an offer to Plaintiff and told Plaintiff that if he resigned voluntarily, Mr. Marroquin would walk Plaintiff across campus to say goodbye to the children Plaintiff worked with. Initially, Plaintiff did not want to resign. Mr. Marroquin then explained that the alternative would be to go through board hearings and ultimately be terminated.

In early May, Plaintiff called Mr. Marroquin because he wanted to hear the offer again and felt nervous about being fired. Mr. Marroquin again explained that if Plaintiff voluntarily resigned, Mr. Marroquin would allow Plaintiff to say goodbye to the children he worked with. Mr. Marroquin explained that this was a settlement offer.

Plaintiff explained that he did not want people to question his absence and wanted to protect his reputation in the community. The settlement offer also included administrative pay up through the time of Plaintiff's resignation.

Plaintiff went into the district office on May 13, 2010 to accept the settlement offer and submit his letter of resignation. Mr. Marroquin accepted Plaintiff's resignation letter. However, when Plaintiff asked Mr. Marroquin if he could say goodbye to the children, Mr. Marroquin said "no."

Plaintiff contends that Mr. Marroquin breached his end of the settlement agreement. On May 14, 2010, Plaintiff went to the district office and delivered a letter to Mr. Marroquin regarding his failure to keep his end of the deal. Plaintiff describes this as the last document he submitted to VUSD. Plaintiff alleges that he was subjected to retaliation and breach of contract/agreement.

/ / /

/ / /

/ / /

# III.

# DISCUSSION

### A. Plaintiff's Claims

Plaintiff's complaint does not clearly identify the claims that he is bringing or the relief that he is seeking. Federal Rule of Civil Procedure 8(a)(1) requires Plaintiff's complaint to include "a short and plain statement of the claim."

Here, it is unclear what claims Plaintiff is bringing in this action. Plaintiff's complaint mentions a complaint he filed with the EEOC. However, to the extent that Plaintiff is now raising a claim based on the same claims raised in his EEOC complaint, Plaintiff never identified what those claims were or what was alleged in the underlying EEOC complaint. Accordingly, Plaintiff's complaint fails to state sufficient facts to support a claim based upon what was alleged in the EEOC complaint.

Plaintiff also alleges that Mr. Marroquin retaliated against Plaintiff for filing an EEOC complaint. However, Plaintiff also alleges that he entered into a settlement agreement with Mr. Marroquin. Accordingly, it is unclear whether Plaintiff is now attempting to pursue the retaliation claim or if Plaintiff is attempting to pursue a claim based upon the breach of the settlement agreement.

Based on the foregoing, the Court finds that Plaintiff's complaint fails to state any claims because Plaintiff failed to provide a short and plain statement of his claim or claims in his complaint. The Court will dismiss Plaintiff's complaint with leave to amend. If Plaintiff opts to amend, he must clearly identify what claims he is bringing in this lawsuit. Plaintiff must identify the laws that the defendants named in this lawsuit violated.

### B. Identification of Defendants

Plaintiff named VUSD as a defendant. However, Plaintiff's complaint does not have any allegations that identify how VUSD is liable to Plaintiff on any legal theory. Although Plaintiff alleges that he worked with children at a school, he does not identify what school he worked at or whether it was a school within VUSD. Moreover, Plaintiff alleges actions by Mr. Marroquin and Mr. Sullivan, but fails to identify any relationship between these two individuals and VUSD. If

4

Plaintiff opts to amend, he must clearly explain how VUSD is liable for the claims alleged in his amended complaint. Plaintiff must allege facts explaining his relationship with VUSD and the relationship between VUSD, Mr. Marroquin and Mr. Sullivan.

### C.  Relief Sought

Plaintiff's complaint does not identify any relief that he is requesting. Federal Rule of Civil Procedure 8(a)(2) requires Plaintiff to include "a demand for the relief sought" in his complaint. If Plaintiff opts to amend, he must identify the relief he is seeking in this lawsuit.

### D.  Jurisdiction

Plaintiff's complaint does not include any jurisdictional allegations. Federal Rule of Civil Procedure 8(a)(1) requires a complaint to include "a short and plain statement of the grounds for the court's jurisdiction." See also Yoder v. Assiniboine and Sioux Tribes of Fort Peck Indian Reservation, Mont., 339 F.2d 360, 362 (9th Cir. 1964) ("It incumbent upon the plaintiff [to] properly allege the jurisdictional facts according to the nature of the case.") Local Rule 204 further requires that affirmative allegations of jurisdiction must appear as the first allegation of any complaint, must be entitled "Jurisdiction," must identify the basis of federal jurisdiction in this case (be it statutory or otherwise) and must state the facts supporting Plaintiff's claim that federal jurisdiction is proper in this case.

Stated simply, Plaintiff's complaint does not contain any allegations explaining why it is proper for Plaintiff to file his lawsuit in federal court, as opposed to state court. Even if the Court were to construe Plaintiff's complaint liberally and overlook Plaintiff's failure to allege jurisdictional facts, it is unclear whether federal jurisdiction is proper. As discussed above, it is unclear whether Plaintiff is raising claims (1) based upon the underlying EEOC complaint, (2) based upon retaliation for filing an EEOC complaint, or (3) based upon the breach of the settlement agreement between Plaintiff and the school. Notably, if the only claim raised in this lawsuit is for breach of contract or for breach of the settlement agreement, jurisdiction in federal court is not proper unless Plaintiff alleges facts that invokes this court's ancillary jurisdiction. See Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1017 (9th Cir. 2007) (mere fact that a settlement agreement settled federal claims is generally not sufficient to establish jurisdiction to

enforce the terms of the settlement).

If Plaintiff opts to file an amended complaint, his amended complaint must include allegations pertaining to jurisdiction. For example, Plaintiff must allege that jurisdiction is proper because (1) this lawsuit arises under federal law, i.e., federal question jurisdiction, see 28 U.S.C. § 1331, (2) this lawsuit is between citizens of different states, i.e., diversity jurisdiction, see 28 U.S.C. § 1332, or (3) some other basis for federal jurisdiction exists.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

//
//
//
//
//
//
//
//
//
//
//

Plaintiff is advised that Local Rule 220 requires an amended complaint to "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 8, 2013**

UNITED STATES MAGISTRATE JUDGE