# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>　　　　　Defendant. | Case No. 1:13-cv-00332-AWI-SAB<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY (30) DAYS<br><br>ECF NO. 5 |

Plaintiff Timothy Luckey ("Plaintiff") is proceeding pro se and in forma pauperis in this action. Plaintiff filed the original complaint in this action on March 8, 2013. (ECF No. 1.) On April 9, 2013, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. (ECF No. 4.) On May 8, 2013, the Plaintiff filed his First Amended Complaint. (ECF No. 5.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted. The Court will dismiss the First Amended Complaint with leave to file a Second Amended Complaint within thirty (30) days.

## I.

## SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case filed by a plaintiff proceeding in forma pauperis if the Court determines that the complaint fails to state a claim upon

1

which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

### PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant Visalia Unified School District ("Defendant" or "VUSD") terminated Plaintiff from employment in retaliation for a complaint Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff was employed at VUSD between October 2007 and March 22, 2010. (Am. Compl. 2:6-7.) Plaintiff worked at Crestwood elementary in several capacities but mostly as a general activities aide and behavioral interventionist. (Am. Compl. 2:7-9.)

In August 2008, Jim Sullivan arrived at Crestwood Elementary as a supervisor. (Am. Compl. 2:11-12.) Plaintiff alleges that Sullivan disliked Plaintiff because "he was jealous of the good rapport [Plaintiff] had with the staff and students" and Plaintiff's "high praise [from] co-workers and parents." (Am. Compl. 2:16-17.) Sullivan "took aim at [Plaintiff] to assassinate [his] reputation and character," and "implemented tasks into [Plaintiff's] work schedule that were

1    outside [his] job description." (Am. Compl. 2:16-19.) Sullivan attempted to alienate Plaintiff
2    from his co-workers and students by "assigning [Plaintiff] one on one student time and requiring
3    [them] to stay on the other side of the school alone." (Am. Compl. 2:19-22.)

4          On one occasion, Plaintiff was working with a child that had a reputation for being
5    difficult to work with. (Am. Compl. 23-24.) Plaintiff was escorting the student to the office after
6    he was assaulted. (Am. Compl. 2:25-26.) On the way, Plaintiff ran into the student's teacher and
7    informed her what had happened. (Am. Compl. 2:27-3:1.) Sullivan "took this as [Plaintiff]
8    questioning the teacher which was odd" and Sullivan "then issued a disciplinary notice to
9    [Plaintiff]." (Am. Compl. 2:1-2.) Plaintiff then contacted "HR" and reported the "unfairness."
10   (Am. Compl. 3:3-4.) Plaintiff was accused of insubordination and "overstepping [his] authority"
11   for complaining to human resources. (Am. Compl. 3:5-6.)

12         On March 26, 2010, Plaintiff met with Fernie Marroquin, the human resources director.
13   (Am. Compl. 3:8-9.) Marroquin explained that Plaintiff was not being dismissed, but was going
14   to receive "a reprimand for future behavior due to a collective bargaining agreement from
15   Principal Sullivan." (Am. Compl. 3:9-12.) Marroquin also informed Plaintiff that his hours
16   would be reduced to .25 hours per day the following year due to budget cuts. (Am. Compl. 3:12-
17   13.) Plaintiff accepted the reduced hours. (Am. Compl. 3:14.)

18         At the same meeting, Plaintiff gave Marroquin a letter stating that Plaintiff would file a
19   letter to the EEOC regarding the mistreatment Plaintiff received from Sullivan. (Am. Compl.
20   3:17-19.) Marroquin accepted Plaintiff's letter. (Am. Compl. 3:18-19.) Plaintiff was told "not to
21   go campus[sic] or discuss this matter" or else he would be disciplined or terminated. (Am.
22   Compl. 3:19-20.) Plaintiff was placed on administrative pay leave "so [Marroquin] could
23   investigate [his] complaints." (Am. Compl. 3:21-22.) Marroquin also asked Plaintiff to resign,
24   but Plaintiff refused. (Am. Compl. 3:22-24.) Marroquin then made an offer to Plaintiff and told
25   Plaintiff that, if he resigned, Marroquin would escort Plaintiff across campus and give Plaintiff
26   the opportunity to tell the staff and students that he resigned and was not terminated to preserve
27   Plaintiff's reputation. (Am. Compl. 3:25-4:1.) However, at that time, Plaintiff did not want to
28   resign. (Am. Compl. 4:1-2.)

On April 9, 2010, Marroquin mailed a letter to Plaintiff's home and informed Plaintiff that he was recommending permanent dismissal. (Am. Compl. 4:3-4.) Marroquin again asked Plaintiff to resign. (Am. Compl. 4:4-5.) When Plaintiff refused, Marroquin told Plaintiff that the alternative would be to go through board hearings and ultimately be dismissed. (Am. Compl. 4:5-8.)

In early May, Plaintiff called Marroquin because he "wanted to hear [Marroquin's] offers again and [because Plaintiff] was nervous about being fired." (Am. Compl. 4:13-14.) Marroquin explained the offer again and stated that it was VUSD's policy "to offer a settlement agreement." (Am. Compl. 4:18-19.) On May 13, 2010, Plaintiff went to the district office to accept the settlement agreement and submit a resignation letter. (Am. Compl. 4:24-27.) When Plaintiff asked to see the children to say goodbye, Marroquin angrily refused and thereby "breached his end of the settlement agreement." (Am. Compl. 4:27-5:1.)

On May 14, 2010, Plaintiff went into the district office again and delivered a letter accusing Marroquin of failing to keep his end of the deal. (Am. Compl. 5:1-2.) Plaintiff alleges that, because Marroquin failed to keep his end of the deal, Plaintiff has a negative reputation and is constantly asked about being fired. (Am. Compl. 5:4-7.)

Plaintiff contends that "[his] complaint is for retaliation. Which led to a breach of contract settlement agreement." (Am. Compl. 5:17-18.)

### III.

### DISCUSSION

#### A.     Plaintiff's Retaliation Claim

Liberally construed, Plaintiff's First Amended Complaint attempts to raise a retaliation claim under Title VII. Under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.), it is unlawful for an employer to discriminate against an employee for filing complaints about an employer's unlawful employment practices. 42 U.S.C. § 2000e-3; Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000). "To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity

4

and the adverse action." Ray, 217 F.3d at 1240.

Cases hold that filing a complaint with the EEOC is a protected activity. See id. at 1240 n.3. However, in order to constitute a protected activity, the plaintiff's belief that the employer engaged in unlawful employment practices must be objectively reasonable. Moyo v. Gomez, 40 F.3d 982, 985 (9th Cir. 1994); see also McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d 923, 932 (E.D. Cal. 2011) ("employee's formal or informal complaint regarding unlawful employment practices is 'protected activity,' and a plaintiff need only show that her belief that an unlawful employment practice occurred was 'reasonable.'"). In the retaliation context:

> [an] employee's statement cannot be 'opposed to an unlawful employment practice' unless it refers to *some* practice by the employer that is allegedly unlawful. It is not necessary, however, that the practice be demonstrably unlawful; opposition clause protection will be accorded whenever the opposition is based upon a 'reasonable belief' that the employer has engaged in an unlawful employment practice.

E.E.O.C. v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir. 1983) (citing Sias v. City Demonstration Agency, 588 F.2d 692, 695-96 (9th Cir. 1978)).

Cases outside the Ninth Circuit similarly hold that, in order to constitute a "protected activity" under Title VII, Plaintiff must allege that he took action against his employer's illegal discriminatory conduct. See Abuelyaman v. Illinois State University, 667 F.3d 800, 814-815 (7th Cir. 2011) ("There is no indication that any action was taken to address a concern of illegal discrimination..."); Bennett v. Hofstra University, 842 F. Supp. 2d 489, 500 (E.D.N.Y. 2012) ("in order to constitute a protected activity for purposes of a retaliation claim, the complaint must be related to discrimination on a basis prohibited by Title VII."). As the Court of Appeals for the District of Columbia held, "if the practice the employee opposed is not one that could reasonably and in good faith be regarded as unlawful under Title VII, [the "engaged in protected activity"] element is not satisfied." McGrath v. Clinton, 666 F.3d 1377, 1380 (D.C. Cir. 2012).

Here, Plaintiff's First Amended Complaint alleges that he filed a complaint with the EEOC. However, Plaintiff's complaint also states facts that demonstrate that Plaintiff did not have an objectively reasonable basis to believe that his EEOC complaint was related to activity

that was illegal under Title VII. In other words, Plaintiff was not engaging in "protected activity" within the meaning of Title VII because the conduct he was complaining of was not illegal under Title VII. Plaintiff alleges that he was treated unfairly by Sullivan because Sullivan disliked Plaintiff and was jealous of the good rapport Plaintiff had with other staff and students. Animosity arising from jealousy over Plaintiff's good rapport is not a protected classification under Title VII. Title VII only prohibits discrimination on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Discriminatory treatment based upon classifications outside those specifically enumerated in Title VII are not actionable under Title VII. See Stroud v. Delta Air Lines, Inc., 544 F.2d 892, 894 (5th Cir. 1977) ("Title VII does not purport to ban all discriminations, but only the specific forms enumerated by statute."); see also Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) ("Title VII prohibits employment discrimination based on any of its enumerated grounds: race, color, religion, sex, or national origin.").

Since Plaintiff fails to allege facts that plausibly support the conclusion that he engaged in protected activity within the meaning of Title VII, Plaintiff's First Amended Complaint fails to state a cognizable claim for retaliation under Title VII.

### B. Plaintiff's Remaining Claims

It is unclear whether Plaintiff intends to raise any other claims in this action other than his claim for retaliation. Plaintiff's First Amended Complaint refers to claims and concepts such as "Hostile Work Environment," "Termination of my employment," "Slander," and "breach of contract Settlement agreement." (Am. Compl. 1:23-25, 5:17-18.)

Plaintiff is advised that he must separately enumerate and identify each claim raised in this action. Federal Rule of Civil Procedure 8(a)(1) requires Plaintiff's complaint to provide fair notice and "a short and plain statement of the claim." The Court will not allow this action to proceed on inconclusive and ambiguous grounds.

If Plaintiff chooses to amend, the Court will require Plaintiff to identify each separate claim under separate and readily identifiable headings. Plaintiff must enumerate each separate claim as "First Claim for Relief," "Second Claim for Relief," "Third Claim for Relief," etc.

Plaintiff must also identify each claim for relief. For example, "First Claim for Relief – Title VII Retaliation," and "Second Claim for Relief – Breach of Contract/Settlement Agreement." Under each claim for relief, Plaintiff must provide a short and plain statement of the facts relevant to that particular claim.

In order to expedite matters, the Court provides Plaintiff with the following legal standards related to the claims alluded to in his First Amended Complaint. To the extent Plaintiff seeks to raise claims based upon these legal standards, Plaintiff must allege facts support each claim.

### 1. Hostile Work Environment

Under Title VII, an employer is liable if they "requir[e] people to work in a discriminatorily hostile or abuse environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' ... that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' ... Title VII is violated." Id. (citations omitted).

Plaintiff's First Amended Complaint does not state facts sufficient to support a claim for relief based upon a hostile or abusive work environment. As discussed above, Title VII only prohibits discrimination based upon the classifications specifically enumerated in the statute: race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a); Stroud v. Delta Air Lines, Inc., 544 F.2d 892, 894 (5th Cir. 1977). Since Plaintiff does not allege a hostile or abuse work environment that is discriminatory based upon one of these classification, Plaintiff does not state any cognizable claims under Title VII.

### 2. Slander

Under California law, the legal claim for invasion of one's interest in their reputation is more commonly referred to as defamation. A claim for relief for defamation "involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Smith v. Maldonado, 72 Cal. App. 4th 637, 645 (1999). "Publication means communication to some third person who understands the

defamatory meaning of the statement and its application to the person to whom reference is made." Id.

Plaintiff's First Amended Complaint does not state facts sufficient to support a claim for relief based upon defamation because Plaintiff does not identify any specific communication made by Sullivan, Marroquin or any other employee of VUSD.  Moreover, Plaintiff does not identify any specific communication that was demonstrably false.  Plaintiff alleges that Marroquin prevented Plaintiff for speaking with his students and coworkers prior to leaving his job.  However, this conduct does not constitute defamation because defamation concerns false communications made by the defendant, not the defendant's refusal to permit Plaintiff to speak to others.

### 3. Breach of Contract/Settlement Agreement

Under California law, "a party can ... seek to enforce a settlement agreement by ... prosecuting an action for breach of contract." Harris v. Rudin, Richman & Appel, 74 Cal.App.4th 299, 306 (1999).  "To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." Id.

Here, Plaintiff does allege facts pertaining to a breach of a contract/settlement agreement. However, unless Plaintiff can state a cognizable federal claim or state another basis for federal jurisdiction, the Court will not exercise supplemental jurisdiction over Plaintiff's state law slander/defamation and breach of contract/settlement agreement claim.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted.  The Court will provide Plaintiff with one final opportunity to amend to cure the deficiencies identified by the Court in this order.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that

the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Plaintiff is advised that Local Rule 220 requires an amended complaint to "be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint; and

3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 16, 2013**

UNITED STATES MAGISTRATE JUDGE