# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. 1:13-cv-00332-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 7<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE DENID<br><br>ECF NO. 8 |

Plaintiff Timothy Luckey ("Plaintiff") is proceeding pro se and in forma pauperis in this action. Plaintiff filed the original complaint in this action on March 8, 2013. (ECF No. 1.) On April 9, 2013, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. (ECF No. 4.) On May 8, 2013, Plaintiff filed his First Amended Complaint. (ECF No. 5.) On May 16, 2013, the Court screened Plaintiff's First Amended Complaint and dismissed it with leave to amend. (ECF No. 6.) On June 14, 2013, Plaintiff filed his Second Amended Complaint. (ECF No. 7.)

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted. The Court recommends

that Plaintiff's Second Amended Complaint be dismissed without leave to amend.

## I.

## SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case filed by a plaintiff proceeding in forma pauperis if the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff names Visalia Unified School District and Jim Sullivan as defendants in the Second Amended Complaint. (Second Am. Compl. 2:3-7.) Plaintiff alleges that his rights under Title VII were violated while he was employed at Crestwood Elementary. (Second Am. Compl. 2:11.) Plaintiff filed a complaint with the EEOC on February 22, 2010. (Second Am. Compl. 2:13-14.) Plaintiff received a Notice of Right to Sue on December 9, 2012. (Second Am. Compl. 2:15-17.)

Plaintiff alleges that "[t]he discriminatory acts that are the basis of this suit are" "[t]ermination of [his] employment," "[d]emotion," "[d]enied equal pay," "[d]enied equal work," and "[g]eneral harassment." (Second Am. Compl. 2:18-24.) Plaintiff alleges that "Defendant's conduct is discriminatory with respect to" "race," "color," "national origin," "sex," and "age." (Second Am. Compl. 2:27-3:5.)

Plaintiff alleges that he "was being discriminated against by Jim Sullivan, after several months of alienation, demotions, changes in [his] work assignments that were all beyond what anyone could reasonably expect to be in a usual work environment." (Second Am. Compl. 3:14-17.) Plaintiff further alleges that he "was meet[sic] with continuaous[sic] hostility and eventually [his] work hours were reduced to .25 hrs. daily and finally I was asked to leave." (Second Am. Compl. 3:18-19.) Plaintiff further alleges that "[w]hen the defendants realized that [Plaintiff] had filed a complaint with the EEOC ... they then backtracked and told [him] that [his] reduction on work hours was due to budget cuts." (Second Am. Compl. 3:21-23.)

Plaintiff alleges that he met with Fernie Marroquin, a human resources director, on March 26, 2010. (Second Am. Compl. 4:16-17.) Marroquin told Plaintiff that he was not being dismissed, but was receiving a reprimand "for future behavior due to a collective bargaining agreement" from Principal Jim Sullivan. (Second Am. Compl. 4:17-19.) Marroquin further stated that, due to budget cuts, Plaintiff would only work .25 hours per day the following year and would substitute if needed. (Second Am. Compl. 4:19-22.) Plaintiff accepted these terms. (Second Am. Compl. 4:22.)

At this meeting, Plaintiff gave Marroquin a letter stating that Plaintiff was filing a letter with the EEOC regarding mistreatment by Jim Sullivan. (Second Am. Compl. 4:24-25.) Plaintiff was told not to go to campus or discuss the matter or else he would be disciplined or terminated. (Second Am. Compl. 4:27-28.) Marroquin also asked Plaintiff to resign, but Plaintiff refused. (Second Am. Compl. 5:2.)

Marroquin then told Plaintiff that, if he resigned, Marroquin would personally escort Plaintiff to Crestwood Elementary School and allow Plaintiff to inform the staff and students that he resigned and was not terminated. (Second Am. Compl. 5:8-11.) Marroquin reiterated the offer

in a letter on April 9, 2010. (Second Am. Compl. 5:12.) Marroquin told Plaintiff that he was recommending that Plaintiff be permanently dismissed and that if Plaintiff did not accept the offer, there would be board hearings and Plaintiff would ultimately be dismissed. (Second Am. Compl. 5:12-17.)

On May 13, 2010, Plaintiff accepted the settlement agreement and agreed to resign. (Second Am. Compl. 6:8-9.) However, Marroquin did not allow Plaintiff to say goodbye to the students. (Second Am. Compl. 6:11-12.) Plaintiff contends that Marroquin "didn't keep his end of the deal." (Second Am. Compl. 6:18.)

Plaintiff contends that he was retaliated against for "whistleblowing/discrimination." (Second Am. Compl. 6:24-25.) Plaintiff contends that he was retaliated for "whistleblowing" in connection with Defendant Jim Sullivan's arrival as the new supervisor of Crestwood Elementary in August 2008. (Second Am. Compl. 7:22-24.) Plaintiff alleges that Sullivan "expressed his dislike for me, he was jealous of the good rapport that [Plaintiff] had with the staff and students and very soon after his arrival he took aim at [Plaintiff] to assassinate [his] reputation and character." (Second Am. Compl. 7:27-8:1.) Plaintiff contends that Sullivan made Plaintiff perform work outside his job description, attempted to alienate Plaintiff from his co-workers and students and, on one occasion, issued a disciplinary notice for questioning a teacher about a student. (Second Am. Compl. 7:27-8:16.)

### III.

### DISCUSSION

#### A. Plaintiff's Retaliation/Title VII Claim

Liberally construed, Plaintiff's Second Amended Complaint attempts to raise a retaliation claim under Title VII. Under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.), it is unlawful for an employer to discriminate against an employee for filing complaints about an employer's unlawful employment practices. 42 U.S.C. § 2000e-3; Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000). "To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity

and the adverse action." Ray, 217 F.3d at 1240.

Cases hold that filing a complaint with the EEOC is a protected activity. See id. at 1240 n.3. However, in order to constitute a protected activity, the plaintiff's belief that the employer engaged in unlawful employment practices must be objectively reasonable. Moyo v. Gomez, 40 F.3d 982, 985 (9th Cir. 1994); see also McCarthy v. R.J. Reynolds Tobacco Co., 819 F. Supp. 2d 923, 932 (E.D. Cal. 2011) ("employee's formal or informal complaint regarding unlawful employment practices is 'protected activity,' and a plaintiff need only show that her belief that an unlawful employment practice occurred was 'reasonable.'"). In the retaliation context:

> [an] employee's statement cannot be 'opposed to an unlawful employment practice' unless it refers to *some* practice by the employer that is allegedly unlawful. It is not necessary, however, that the practice be demonstrably unlawful; opposition clause protection will be accorded whenever the opposition is based upon a 'reasonable belief' that the employer has engaged in an unlawful employment practice.

E.E.O.C. v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir. 1983) (citing Sias v. City Demonstration Agency, 588 F.2d 692, 695-96 (9th Cir. 1978)).

Cases outside the Ninth Circuit similarly hold that, in order to constitute a "protected activity" under Title VII, Plaintiff must allege that he took action against his employer's illegal discriminatory conduct. See Abuelyaman v. Illinois State University, 667 F.3d 800, 814-815 (7th Cir. 2011) ("There is no indication that any action was taken to address a concern of illegal discrimination..."); Bennett v. Hofstra University, 842 F. Supp. 2d 489, 500 (E.D.N.Y. 2012) ("in order to constitute a protected activity for purposes of a retaliation claim, the complaint must be related to discrimination on a basis prohibited by Title VII."). As the Court of Appeals for the District of Columbia held, "if the practice the employee opposed is not one that could reasonably and in good faith be regarded as unlawful under Title VII, [the "engaged in protected activity"] element is not satisfied." McGrath v. Clinton, 666 F.3d 1377, 1380 (D.C. Cir. 2012).

Here, Plaintiff fails to allege facts that plausibly support the conclusion that he engaged in protected activity. Plaintiff fails to allege facts that demonstrate that Plaintiff had an objectively reasonable basis to believe that his EEOC complaint was related to activity that was illegal under

Title VII. Plaintiff alleges that he was treated unfairly by Sullivan because Sullivan disliked Plaintiff and was jealous of the good rapport Plaintiff had with other staff and students. Animosity arising from jealousy over Plaintiff's good rapport is not a protected classification under Title VII. Title VII only prohibits discrimination on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Discriminatory treatment based upon classifications outside those specifically enumerated in Title VII are not actionable under Title VII. See Stroud v. Delta Air Lines, Inc., 544 F.2d 892, 894 (5th Cir. 1977) ("Title VII does not purport to ban all discriminations, but only the specific forms enumerated by statute."); see also Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000) ("Title VII prohibits employment discrimination based on any of its enumerated grounds: race, color, religion, sex, or national origin.").

Plaintiff alleges, in conclusory fashion, that he believes Defendant's conduct was discriminatory with respect to Plaintiff's race, color, national origin, sex and age. (Second Am. Compl. 2:27-3:5.) However, Plaintiff does not allege any facts supporting this conclusion. Plaintiff does not even identify his race, color, national origin or age, and Plaintiff's sex can only be inferred from his name. There are no allegations related to these classifications anywhere in Plaintiff's complaint. There is no suggestion of any class-based, invidiously discriminatory animus in violation of Title VII anywhere in Plaintiff's Second Amended Complaint. Plaintiff's conclusory allegation of discrimination based on race, color, national origin, sex and age appears to be a direct response to this Court's prior screening order informing Plaintiff that Title VII does not apply to discriminatory treatment based on any other classification. (Order Dismissing Pl.'s First Am. Compl., With Leave to File a Second Am. Compl. Within Thirty (30) Days 6:6-13.) However, Plaintiff did not add any additional allegations supporting the conclusion that he suffered discrimination based on his race, color, national origin, sex or age. Plaintiff's Second Amended Complaint only supports the conclusion that Sullivan disliked Plaintiff out of jealousy. As the Court informed Plaintiff previously, this does not implicate Title VII. Plaintiff fails to

/ / /

/ / /

state a claim for retaliation or any other claim under Title VII.[1]

### B. Plaintiff's Remaining Claims

Plaintiff's Second Amended Complaint does not state any cognizable federal claims. It is unclear whether Plaintiff intended to raise any other claims[2], but Plaintiff's Second Amended Complaint does allude to state law causes of action such as slander and breach of contract. To the extent that Plaintiff intended to raise any state law claims in this action, this Court declines to exercise supplemental jurisdiction over those claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

### C. Dismissal Without Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and citations omitted). However, leave to amend may be denied if the plaintiff was previously informed of the deficiencies in his claims and fails to cure those deficiencies. Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

In this case, the Court previously informed Plaintiff of the deficiencies in his claims. Plaintiff was given two opportunities to amend to cure the deficiencies in his claims. The additional allegations in Plaintiff's Second Amended Complaint failed to cure the deficiencies in Plaintiff's First Amended Complaint. Accordingly, the Court finds that Plaintiff's Title VII claims cannot possibly be cured by the allegation of other facts. The undersigned recommends that Plaintiff's Second Amended Complaint be dismissed without leave to amend.

///

---

[1] To the extent that Plaintiff intended to raise a claim for discrimination or hostile work environment under Title VII, that claim would also fail to state a claim since Plaintiff alleged no facts that he suffered discriminatory treatment based on race, color, national origin, sex or age.

[2] Notably, in light of the ambiguity in Plaintiff's complaint, the Court previously ordered Plaintiff to separately delineate each of his claims in separate sections with separate headings for each claim, such as "First Claim for Relief – Title VII Retaliation," "Second Claim for Relief – Breach of Contract/Settlement Agreement." (Order Dismissing Pl.'s First Am. Compl., With Leave to File a Second Am. Compl. Within Thirty (30) Days 6:22-7:4.) Plaintiff failed to comply with this Court's order.

**D.      Plaintiff's Motion to Remand**

On June 14, 2013, Plaintiff filed a Notice of Motion to Remand. (ECF No. 8.) Plaintiff's notice/motion states that "[t]his motion is made due to lack of federal question in the plaintiff's complaint; lack of parties residing in different states and amount demanded does not exceed statutory minimum for filing in district court." (Notice of Mot. to Remand 1:19-20.)

Remand is a procedure whereby a case in federal court is returned to state court after it has been removed from state court to federal court. See 28 U.S.C. § 1447. This case was originally filed in this Court. The remand procedure does not apply because this case was never in state court.

Moreover, Plaintiff's Fourth Amended Complaint clearly raises federal claims giving this Court subject matter jurisdiction over Plaintiff's claims. Under 28 U.S.C. 1331, this Court has original jurisdiction of all civil actions arising under federal law. Title VII is a federal law. Accordingly, remand would be improper even Plaintiff requested it in the correct context. The Court recommends that Plaintiffs motion for remand be denied.

**V.**

**CONCLUSION AND RECOMMEDNATIONS**

For the reasons set forth above, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable federal claims. Moreover, the Court finds that Plaintiff's Title VII claims cannot be cured by the allegation of other facts.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's Second Amended Complaint be DISMISSED, without leave to amend; and

2. Plaintiff's motion to remand be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

8

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 20, 2013**

UNITED STATES MAGISTRATE JUDGE