UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | CASE NO. 1:13-CV-332 AWI SAB<br><br>ORDER ON FINDINGS & RECOMMENDATION AND MOTION TO REMAND<br><br>(Doc. Nos. 8, 9) |

　　This case was filed by Plaintiff Timothy Luckey on March 8, 2013. There is federal question jurisdiction based on alleged violations of Title VII.

　　On April 9, 2013, as part of the screening process, the Magistrate Judge dismissed the Complaint for failure to state a claim.

　　On May 16, 2013, the Magistrate Judge dismissed the First Amended Complaint for failure to state a claim, again as part of the screening process.

　　On June 14, 2013, Luckey filed two documents. One document was the Second Amended Complaint ("SAC"). The other document was a motion to remand. The motion to remand appears to be a pre-printed form, but does state that there is no federal question within Luckey's complaint.[1]

　　On June 20, 2013, the Magistrate Judge issued a Findings and Recommendation ("F&R") as to the SAC. The F&R concludes that the SAC fails to allege any cognizable federal claims,

---

[1] Contrary to Plaintiff's motion, there is clearly a federal question present in the SAC. The SAC expressly states that jurisdiction is conferred under 42 U.S.C. § 2000e-5.

supplemental jurisdiction over two state law claims (defamation and breach of contract) should be declined, and remand is improper because the case was not removed and there is federal question jurisdiction. See Doc. No. 9.

On July 22, 2013, Luckey filed objections to the F&R.

In accordance with 28 U.S.C. § 636, the Court has conducted a de novo review of the case. Having reviewed the objections and the F&R, the Court must respectfully decline to adopt part of the F&R.

In pertinent part, the SAC and the objections contend that Luckey was terminated shortly after he informed Defendant that he had met with the EEOC and intended to file an EEOC charge, and after he actually filed an EEOC charge. That is, Luckey contends that his termination was in retaliation for either complaining, or attempting to complain, to the EEOC. The F&R concluded that no claim for retaliation was stated because the SAC did not adequately allege the reasonableness of Luckey's belief that Defendant had engaged in conduct that is prohibited by Title VII. The F&R analyzed Luckey's retaliation claim as "opposition" to an employment practice.

An employer can violate Title VII's anti-retaliation provisions in one of two ways: "(1) if the adverse employment action occurs because of the employee's opposition to conduct made [unlawful by Title VII]; or (2) if [the adverse employment action] is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir. 1997); see 42 U.S.C. § 2000e-3;[2] Sias v. City Demonstration Agency, 588 F.2d 692, 694-95 (9th Cir. 1980). In other words, an employer can unlawfully retaliate under either Title VII's "opposition clause" or "participation clause." See Learned v. City of Bellevue, 860 F.2d 928, 932 (9th Cir. 1988). The "opposition clause" requires at least a reasonable belief by the employee that the employer has violated Title VII. See Trent v. Valley Elec. Ass'n, 41 F.3d 524, 526-27 (9th Cir. 1994); Sias, 588 F.2d at 695-96. The

---

[2] In pertinent part, 42 U.S.C. § 2000e-3 reads: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this title, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3(a).

1  "participation" clause of Title VII is broadly construed. See Learned, 860 F.2d at 932; Sias, 588
2  F.2d at 694. Filing a complaint with the EEOC and meeting with the EEOC are protected under
3  the participation clause. See 42 U.S.C. § 2000e-3(a); Laughlin v. Metropolitan Wash. Airports
4  Auth., 149 F.3d 253, 259 (4th Cir. 1996); Hashimoto, 118 F.3d at 680; see also McGinest v. GTE
5  Serv. Corp., 360 F.3d 1103, 1124 n.19 (9th Cir. 2003). Further, the Ninth Circuit has held that
6  there is no legal distinction between filing an EEOC charge and threatening to file an EEOC
7  charge. Gifford v. Atchison, T. & S. F. R. Co., 685 F.2d 1149, 1155-56 & n.2 (9th Cir. 1982); see
8  also Croushorn v. Board of Trustees, 518 F.Supp. 9, 21-22 (M.D. Tenn. 1980). The
9  "participation" clause "shields an employee from retaliation regardless of the merit of his EEOC
10 charge." Sias, 588 F.2d at 695. However, to fit within the protections of the "participation
11 clause," the underlying discrimination must be reasonably perceived as discrimination that is
12 prohibited by Title VII. Learned, 860 F.2d at 932. Relying in part on *Learned*, the Third Circuit
13 has held that, if an employee's EEOC charge alleges discrimination against his employer on the
14 basis of race, color, religion, sex, or national origin, i.e. the EEOC complaint is "facially valid"
15 under Title VII, then the "participation clause" applies. Slagle v. County of Clarion, 435 F.3d
16 262, 267-68 (3d Cir. 2006); Kendall v. Donahoe, 913 F.Supp.2d 186, 191-192 (W.D. Pa. 2012);
17 cf. Motoyama v. Hawai'I Dept. of Transp., 864 F.Supp.2d 965, 980-81 (D. Haw. 2011) (holding
18 that plaintiff did not fall within protection of Title VII's "participation" clause where EEOC
19 complaint complained of disability discrimination).
20    Here, given conduct identified, the Court believes that Luckey's complaint should be
21 analyzed under the "participation clause." See McGinest, 360 F.3d at 1124 n.19; Hashimoto, 118
22 F.3d at 680; Gifford, 685 F.2d at 1155-56 & n.2. Under the "participation clause," the Court still
23 agrees with the F&R that the SAC does not adequately describe the underlying discrimination of
24 Luckey's EEOC charge. That is, the SAC does not adequately show that the discrimination that
25 underlies the EEOC charge is reasonably perceived as violating Title VII. The SAC merely
26 alleges that Luckey's EEOC charge dealt with some form of "discrimination" and "retaliation" in
27 general, which is insufficient. See Slagle, 435 F.3d at 267-68; Learned, 860 F.2d at 932. Luckey
28 needed to submit a copy of his EEOC charge or allege that his EEOC complaint contained

allegations that he suffered some form of discrimination <u>because of</u> his race, gender, or national origin. As the F&R has indicated, alleging that a supervisor dislikes Luckey personally or was jealous of Luckey's rapport with students, does not allege discriminatory conduct <u>because of</u> race, gender, or national origin. Discrimination can occur for numerous reasons. It is only the discriminatory reasons enumerated in and prohibited by Title VII that are actionable under Title VII. Without allegations that show the underlying discrimination of Luckey's EEOC was at least facially valid under Title VII, then Luckey's EEOC charge is not protected under Title VII's retaliation provision. <u>See</u> <u>Slagle</u>, 435 F.3d at 267-68; <u>Learned</u>, 860 F.2d at 932.

It is true that Luckey is on his second amended complaint. Although the Court would normally agree to dismiss the Title VII cause of action without leave to amend, Luckey's objections lead the Court to conclude that amendment may not be futile at this time. First, the objections indicate that Luckey informed Defendant that he had contacted the EEOC, which is another form of protected activity under the "participation clause." <u>See</u> <u>Hashimoto</u>, 118 F.3d at 680. Second, Luckey's objections describe some of the discrimination or harassment he experienced. In pertinent part, Luckey states that he was denied a rotation after complaining that he was isolated, that he is the only African American employee, and that he was subject to negative comments and remarks about students of his nationality while he was in the break room. <u>See</u> Doc. No. 10. This portion of the objections suggest that Luckey may have made race based claims as part of his EEOC claim. In other words, Luckey's objections suggest that he may have submitted a "facially valid" Title VII EEOC complaint. <u>See</u> <u>Slagle</u>, 435 F.3d at 267-68. If Luckey made race based claims of discrimination as part of his EEOC claim, then he would receive the protection of Title VII's "participation clause." <u>See</u> <u>Slagle</u>, 435 F.3d at 267-68; <u>Kendall</u>, 913 F.Supp.2d at 191-92; <u>cf.</u> <u>Motoyama</u>, 864 F.Supp.2d at 980-81.

Because Luckey is proceeding pro se, and it is not necessarily clear that amendment would be futile, the Court will give Luckey one more chance to file an amended complaint that states a Title VII cause of action. As part of his third amended complaint, Luckey shall include the additional relevant allegations discussed in this order and found in his objections. Luckey shall also attach a copy of his EEOC charge. If Luckey cannot submit a copy of his EEOC charge, he

must explain why he cannot submit a copy and include allegations in his amended complaint that describes his EEOC charge and the specific bases therefor. If the EEOC charge and/or the new allegations again prove to be insufficient, it is highly unlikely that Luckey will be permitted another opportunity to amend his federal causes of action.[3]

With the exception of the above analysis, the Court agrees with the F&R.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court ADOPTS in part and DECLINES TO ADOPT in part the June 20, 2013, Findings and Recommendation;
2. Plaintiff shall file an amended complaint that is consistent with this order on or by September 27, 2013;
3. Failure to file an amended complaint on or by September 27, 2013, will result in leave to amend being withdrawn and the closure of this case without further notice;[4]
4. Plaintiff's motion to remand (Doc. No. 8) is DENIED;[5] and
4. This case is referred back to the Magistrate Judge for further proceedings, including the screening of any amended complaint.

IT IS SO ORDERED.

Dated:   September 4, 2013

SENIOR DISTRICT JUDGE

---

[3] If Luckey again fails to adequately state a federal cause of action, the Court will dismiss the federal cause of action without leave to amend and will decline to exercise supplemental jurisdiction over the state law claims.

[4] Plaintiff is advised that the Court must actually receive the amended complaint by September 27, 2013. A document that is merely post-marked on or by September 27, 2013, is insufficient.

[5] As discussed above, Plaintiff's remand motion incorrectly stated that no federal question jurisdiction appears in the SAC. If Plaintiff is attempting to state that he no longer wishes to allege a federal cause of action, then he may file an amended complaint that contains only state law causes of action. If Plaintiff files a complaint that contains only state law causes of action, then Plaintiff need not attach his EEOC complaint. Further, if the amended complaint contains only state law claims, the Court will decline to exercise supplemental jurisdiction and will dismiss the case without prejudice to Plaintiff re-filing his case in state court.