1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| TIMOTHY LUCKEY, | Case No.  1:13-cv-00332-AWI-SAB |
| Plaintiff, | ORDER SCREENING THIRD AMENDED COMPLAINT AND FINDING SERVICE OF COMPLAINT APPROPRIATE |
| v. | |
| VISALIA UNIFIED SCHOOL DISTRICT, | ECF NO. 12 |
| Defendant. | |

12

13

14

15

16

17    Plaintiff Timothy Luckey ("Plaintiff") is proceeding pro se and in forma pauperis in this

18  action.  Plaintiff filed the original complaint in this action on March 8, 2013.  (ECF No. 1.)  The

19  operative pleading in this action is the Third Amended Complaint filed on September 26, 2013.

20  (ECF No. 12.)

21    For the reasons set forth below, the Court finds that Plaintiff's Third Amended Complaint

22  states cognizable claims against Defendant Visalia Unified School District under Title VII.

23                                          **I.**

24                                   **SCREENING**

25    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case filed by a plaintiff

26  proceeding in forma pauperis if the Court determines that the complaint fails to state a claim

27  upon which relief may be granted.  In determining whether a complaint fails to state a claim, the

28  Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under

1   Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the

2   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces

3   does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

4   defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

5   (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must

6   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

7   face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are

8   'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility

9   and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further,

10  although a court must accept as true all factual allegations contained in a complaint, a court need

11  not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a

12  cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting

13  Twombly, 550 U.S. at 555).

14                                          **II.**

15                     **PLAINTIFF'S FACTUAL ALLEGATIONS**

16       Plaintiff names Visalia Unified School District ("Defendant" or "VUSD") as the

17  defendant in the Third Amended Complaint. (Third Am. Compl. 1:10-11.) Plaintiff alleges that

18  his rights under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.)

19  were violated by Defendant. (Third Am. Compl. 3:21-22.) Plaintiff alleges that he was

20  subjected to differential treatment based upon his race (black) and sex (male). (Third Am.

21  Compl. 2:17-21.)

22       Plaintiff alleges that he was mistreated by Jim Sullivan, the new principal at Crestwood

23  Elementary School.[1] (Third Am. Compl. 1:15-16.) Plaintiff alleges that he was segregated and

24  isolated from other staff and students. (Third Am. Compl. 1:20.) Plaintiff complained to Jim

25  Sullivan and to "Human Resources" about "Feeling Sex Discrimination And Jim Not Letting

26  [Plaintiff] Rotate With Women Of My Equal Position And Qualifications." (Third Am. Compl.

27

28  [1] Although not alleged anywhere in his Third Amended Complaint, Plaintiff's prior pleadings alleged that he was
    employed by Defendant at Crestwood Elementary School. (See Second Am. Compl. 2:11.)

1  1:20-22.)   Plaintiff also complained that Jim Sullivan "Did Not Really Care For My Ethnic

2  Background And Students Of My Ethnic Background." (Third Am. Compl. 1:22-24.)

3  Plaintiff further alleges that other, non-black female co-workers were given preferential

4  treatment by Jim Sullivan, including "Better Assignments And Evaluations."   (Third Am.

5  Compl. 1:26-2:1.)  Plaintiff further alleges that he was reprimanded for his complaints.  (Third

6  Am. Compl. 2:1-3.)

7  On March 22, 2010, Plaintiff was told by Fernie Marroquin that he would receive a

8  "Reprimand For Future Behavior" and would only work 0.25 hours the following school year.

9  (Third Am. Compl. 2:3-4.)  Plaintiff was told that his hours were reduced due to budget cuts.

10  (Third Am. Compl. 2:3-5.)  Plaintiff told Fernie Marroquin that he filed a charge with the EEOC

11  because of mistreatment from Jim Sullivan.  (Third Am. Compl. 2:5-6.)  A few weeks later,

12  Fernie Marroquin asked Plaintiff to resign or be discharged effective May 11, 2010.  (Third Am.

13  Compl. 2:8-9.)  Plaintiff contends that he was constructively discharged.  (Third Am. Compl.

14  2:17.)

15  Plaintiff alleges that he informed the EEOC about an incident when Jim Sullivan was

16  speaking negatively about black children and black parents, which made Plaintiff feel

17  uncomfortable. (Third Am. Compl. 2:23-24.)  Plaintiff further alleges that Jim Sullivan expelled

18  two black students and "Put [Plaintiff] In A gated Area And Denied [Plaintiff] Rotation With

19  Any Of The Women Of My Equal Position And Qualifications."  (Third Am. Compl. 2:26-27.)

20  Plaintiff also alleges that he received a negative evaluation. (Third Am. Compl. 3:9-13.)

21  **III.**

22  **DISCUSSION**

23  **A.      Plaintiff's Title VII Claim**

24  Liberally construed, Plaintiff alleges that Defendant discriminated against him on the

25  basis of his race and sex.  Title VII prohibits employment discrimination based on "race, color,

26  religion, sex, or national origin."   42 U.S.C. § 2000e-2(a).  Plaintiff contends that he was

27  isolated, given worse assignments, and given worse evaluations than non-black and non-male

28  employees.  Plaintiff also alleges that he was reprimanded, given reduced work hours and was

1  eventually constructively discharged.  Liberally construed, Plaintiff states a cognizable claim for

2  race and sex based discrimination under Title VII.

3       **B.       Plaintiff's Retaliation Claim Under Title VII**

4       Liberally construed, Plaintiff's Second Amended Complaint attempts to raise a retaliation

5  claim under Title VII.  Under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. §

6  2000e, et seq.), it is unlawful for an employer to discriminate against an employee who "has

7  opposed any practice made an unlawful employment practice by this subchapter, or because he

8  has made a charge, testified, assisted, or participated in any manner in an investigation,

9  proceeding, or hearing under this subchapter."   42 U.S.C. § 2000e-3(a); see also Ray v.

10 Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).

11      Plaintiff alleges that VUSD officials asked Plaintiff to resign or be discharged after he

12 filed a complaint with the EEOC alleging race and sex based discrimination.[2]   Liberally

13 construed, Plaintiff states a cognizable claim for retaliation under Title VII.

14       **C.       Plaintiff's State Law Claims**

15      In his prior pleadings, Plaintiff claimed that school officials breached a settlement

16 agreement with Plaintiff and engaged in slander.  However, these allegations do not appear in

17 Plaintiff's third amended complaint.  Plaintiff's third amended complaint only briefly alludes to

18 the settlement agreement and alleges that the settlement agreement was not kept.

19      The Court informed Plaintiff on two prior occasions that amended complaints must be

20 complete in and of itself without reference to any prior or superseded pleading.  (See Order

21 Dismissing Pl.'s First Am. Compl., With Leave to File a Second Am. Compl. Within Thirty (30)

22 Days 9:8-9.)  Plaintiff's Third Amended Complaint expressly states that Plaintiff's claim is under

23 Title VII. (Third Am. Compl. 3:21-22.)  Since Plaintiff omitted the allegation of facts pertaining

24 to claims beyond those under Title VII, the Court presumes that Plaintiff does not wish to assert

25 any other claims beyond those under Title VII in this action.

26 / / /

27

28 [2] Plaintiff attached a charge letter to his third amended complaint.  It is unclear if this document is a copy of the
claim Plaintiff filed with the EEOC prior to the termination of his employment, as it is undated and unsigned.

4

**IV.**

**CONCLUSION AND ORDER**

The Court has screened Plaintiff's Third Amended Complaint and finds that it states cognizable claims for relief under Title VII of the Civil Rights Act of 1964 against Defendant Visalia Unified School District.  Accordingly, it is HEREBY ORDERED that:

1.      Service is appropriate for the following Defendant:

VISALIA UNIFIED SCHOOL DISTRICT

2.      The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Third Amended Complaint filed on September 26, 2013.

3.      Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

a.      One completed summons;

b.      One completed USM-285 form for each Defendant; and

c.      Two (2) copies of the endorsed complaint filed on September 26, 2013;

4.      Plaintiff need not attempt service on Defendant and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

5.      **The failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:    **October 7, 2013**

UNITED STATES MAGISTRATE JUDGE

5