1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY, | Case No. 1:13-cv-00332-AWI-SAB |
| Plaintiff, | ORDER SCREENING THIRD AMENDED COMPLAINT AND FINDING SERVICE OF COMPLAINT APPROPRIATE |
| v. | |
| VISALIA UNIFIED SCHOOL DISTRICT, | ECF NO. 12 |
| Defendant. | |

Plaintiff Timothy Luckey ("Plaintiff") is proceeding pro se and in forma pauperis in this action. Plaintiff filed the original complaint in this action on March 8, 2013. (ECF No. 1.) The operative pleading in this action is the Third Amended Complaint filed on September 26, 2013. (ECF No. 12.)

For the reasons set forth below, the Court finds that Plaintiff's Third Amended Complaint states cognizable claims against Defendant Visalia Unified School District under Title VII.

### I.

### SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case filed by a plaintiff proceeding in forma pauperis if the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under

Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff names Visalia Unified School District ("Defendant" or "VUSD") as the defendant in the Third Amended Complaint. (Third Am. Compl. 1:10-11.) Plaintiff alleges that his rights under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.) were violated by Defendant. (Third Am. Compl. 3:21-22.) Plaintiff alleges that he was subjected to differential treatment based upon his race (black) and sex (male). (Third Am. Compl. 2:17-21.)

Plaintiff alleges that he was mistreated by Jim Sullivan, the new principal at Crestwood Elementary School.[1] (Third Am. Compl. 1:15-16.) Plaintiff alleges that he was segregated and isolated from other staff and students. (Third Am. Compl. 1:20.) Plaintiff complained to Jim Sullivan and to "Human Resources" about "Feeling Sex Discrimination And Jim Not Letting [Plaintiff] Rotate With Women Of My Equal Position And Qualifications." (Third Am. Compl.

---

[1] Although not alleged anywhere in his Third Amended Complaint, Plaintiff's prior pleadings alleged that he was employed by Defendant at Crestwood Elementary School. (See Second Am. Compl. 2:11.)

1:20-22.)   Plaintiff also complained that Jim Sullivan "Did Not Really Care For My Ethnic Background And Students Of My Ethnic Background."  (Third Am. Compl. 1:22-24.)

Plaintiff further alleges that other, non-black female co-workers were given preferential treatment by Jim Sullivan, including "Better Assignments And Evaluations."  (Third Am. Compl. 1:26-2:1.)  Plaintiff further alleges that he was reprimanded for his complaints.  (Third Am. Compl. 2:1-3.)

On March 22, 2010, Plaintiff was told by Fernie Marroquin that he would receive a "Reprimand For Future Behavior" and would only work 0.25 hours the following school year. (Third Am. Compl. 2:3-4.)  Plaintiff was told that his hours were reduced due to budget cuts. (Third Am. Compl. 2:3-5.)  Plaintiff told Fernie Marroquin that he filed a charge with the EEOC because of mistreatment from Jim Sullivan.  (Third Am. Compl. 2:5-6.)  A few weeks later, Fernie Marroquin asked Plaintiff to resign or be discharged effective May 11, 2010.  (Third Am. Compl. 2:8-9.)  Plaintiff contends that he was constructively discharged.  (Third Am. Compl. 2:17.)

Plaintiff alleges that he informed the EEOC about an incident when Jim Sullivan was speaking negatively about black children and black parents, which made Plaintiff feel uncomfortable.  (Third Am. Compl. 2:23-24.)  Plaintiff further alleges that Jim Sullivan expelled two black students and "Put [Plaintiff] In A gated Area And Denied [Plaintiff] Rotation With Any Of The Women Of My Equal Position And Qualifications."  (Third Am. Compl. 2:26-27.) Plaintiff also alleges that he received a negative evaluation.  (Third Am. Compl. 3:9-13.)

**III.**

**DISCUSSION**

**A.     Plaintiff's Title VII Claim**

Liberally construed, Plaintiff alleges that Defendant discriminated against him on the basis of his race and sex.  Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Plaintiff contends that he was isolated, given worse assignments, and given worse evaluations than non-black and non-male employees.  Plaintiff also alleges that he was reprimanded, given reduced work hours and was

1    eventually constructively discharged.  Liberally construed, Plaintiff states a cognizable claim for

2    race and sex based discrimination under Title VII.

3    **B.      Plaintiff's Retaliation Claim Under Title VII**

4        Liberally construed, Plaintiff's Second Amended Complaint attempts to raise a retaliation

5    claim under Title VII.  Under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. §

6    2000e, et seq.), it is unlawful for an employer to discriminate against an employee who "has

7    opposed any practice made an unlawful employment practice by this subchapter, or because he

8    has made a charge, testified, assisted, or participated in any manner in an investigation,

9    proceeding, or hearing under this subchapter."   42 U.S.C. § 2000e-3(a); see also Ray v.

10   Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).

11       Plaintiff alleges that VUSD officials asked Plaintiff to resign or be discharged after he

12   filed a complaint with the EEOC alleging race and sex based discrimination.[2]   Liberally

13   construed, Plaintiff states a cognizable claim for retaliation under Title VII.

14   **C.      Plaintiff's State Law Claims**

15       In his prior pleadings, Plaintiff claimed that school officials breached a settlement

16   agreement with Plaintiff and engaged in slander.  However, these allegations do not appear in

17   Plaintiff's third amended complaint.  Plaintiff's third amended complaint only briefly alludes to

18   the settlement agreement and alleges that the settlement agreement was not kept.

19       The Court informed Plaintiff on two prior occasions that amended complaints must be

20   complete in and of itself without reference to any prior or superseded pleading.  (See Order

21   Dismissing Pl.'s First Am. Compl., With Leave to File a Second Am. Compl. Within Thirty (30)

22   Days 9:8-9.)  Plaintiff's Third Amended Complaint expressly states that Plaintiff's claim is under

23   Title VII.  (Third Am. Compl. 3:21-22.)  Since Plaintiff omitted the allegation of facts pertaining

24   to claims beyond those under Title VII, the Court presumes that Plaintiff does not wish to assert

25   any other claims beyond those under Title VII in this action.

26   / / /

27   _____

28   [2] Plaintiff attached a charge letter to his third amended complaint.  It is unclear if this document is a copy of the
     claim Plaintiff filed with the EEOC prior to the termination of his employment, as it is undated and unsigned.

**IV.**

**CONCLUSION AND ORDER**

The Court has screened Plaintiff's Third Amended Complaint and finds that it states cognizable claims for relief under Title VII of the Civil Rights Act of 1964 against Defendant Visalia Unified School District.  Accordingly, it is HEREBY ORDERED that:

1.     Service is appropriate for the following Defendant:

VISALIA UNIFIED SCHOOL DISTRICT

2.     The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Third Amended Complaint filed on September 26, 2013.

3.     Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

a.     One completed summons;

b.     One completed USM-285 form for each Defendant; and

c.     Two (2) copies of the endorsed complaint filed on September 26, 2013;

4.     Plaintiff need not attempt service on Defendant and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

5.     **The failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **October 7, 2013**                   _____

UNITED STATES MAGISTRATE JUDGE