# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>    Plaintiff,<br><br>  v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.  1:13-cv-00332-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On September 26, 2013, Plaintiff Timothy Luckey ("Plaintiff") filed the Third Amended Complaint in this action.  (ECF No. 12.)  On January 10, 2014, Defendant Visalia Unified School District ("Defendant" or "VUSD") filed a motion to dismiss.  (ECF No. 16.)  The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The Court finds it appropriate for Defendant's motion to be submitted upon the record and briefs on file without need for oral argument.  See Local Rule 230(g).  For the reasons set forth below, the Court recommends that Defendant's motion to dismiss be denied.

**I.**

**BACKGROUND**

The operative complaint in this action is the Third Amended Complaint filed by Plaintiff on September 26, 2013.  (ECF No. 12.)  Plaintiff is proceeding pro se in this action.  Plaintiff

1

alleges that his rights under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.) were violated by Defendant because Plaintiff was subjected to differential treatment based upon his race (black) and his sex (male).

Plaintiff alleges that he was employed at Crestwood Elementary School within VUSD. Plaintiff contends that he was segregated and isolated from other staff and students by Jim Sullivan, the principal at Crestwood Elementary School and such treatment was based on Plaintiff's race and sex. Plaintiff complained to Jim Sullivan and to human resources about the differential treatment, but was reprimanded for his complaints. Plaintiff was given reduced work hours and eventually terminated, allegedly because Plaintiff threatened to file an EEOC complaint regarding the mistreatment.

On October 7, 2013, the Court screened Plaintiff's Third Amended Complaint and found that it stated a cognizable claim for retaliation under Title VII. (ECF No. 13.)

## II.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

## III.

## DISCUSSION

Defendant raises three arguments in their motion to dismiss. First, Defendant argues that Plaintiff fails to allege the grounds for this Court's jurisdiction over Plaintiff's claim. Second,

Defendant argues that Plaintiff has failed to allege that he exhausted his administrative remedies. Third, Defendant argues that Plaintiff's retaliation claim fails because Plaintiff filed his EEOC charge after he was terminated from employment.

### A.  Failure to Allege Jurisdictional Facts

Defendant argues that Plaintiff's Third Amended Complaint must be dismissed because it fails to allege grounds for this Court's jurisdiction over Plaintiff's claim.  Federal Rule of Civil Procedure 8(a)(1) requires the complaint to include "a short and plain statement of the grounds for the court's jurisdiction...."

However, pro se filings must be construed liberally and the Court must afford pro se litigants the benefit of any doubt.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  In this case, Plaintiff cites Title VII, a federal statute, as the basis for his claims.  This Court has federal question jurisdiction over Plaintiff's claims.  See 28 U.S.C. § 1331.  Defendant does not dispute that jurisdiction is proper and does not identify any confusion or prejudice resulting from Plaintiff's failure to expressly cite Section 1331 as the basis for jurisdiction in this action.  The Court finds Plaintiff's citation to Title VII sufficient in establishing the grounds for the court's jurisdiction.  Accordingly, the Court recommends that Defendant's motion to dismiss on this basis be denied.

### B.  Exhaustion of Administrative Remedies

Defendant contends that Plaintiff's complaint should be dismissed because there are no allegations in the complaint regarding Plaintiff's exhaustion of his administrative remedies. However, Defendant does not cite any authority for the proposition that a plaintiff must plead facts relating to exhaustion in their complaint.  At least one district court has held that exhaustion is not a pleading requirement in Title VII cases.  Rodriguez v. Central School Dist. 13J, No. 12-cv-01223-HU, 2012 WL 6756945, at *2 (D. Or. Nov. 14, 2012).  In an analogous context, the Ninth Circuit has held that exhaustion of administrative remedies is not a pleading requirement and, instead, exhaustion is an affirmative defense that a defendant must establish.  Wyatt v. Terhune, 315 F.3d 1108, 1118-19 (9th Cir. 2003) (Prison Litigation Reform Act's exhaustion requirement is not a pleading requirement).

1  Defendant fails to demonstrate that Plaintiff failed to exhaust his administrative remedies
2  prior to filing suit.  Moreover, Plaintiff's complaint makes multiple references to filing a charge
3  with the EEOC.  Defendant does not dispute the presumption that this administrative process was
4  completed by Plaintiff.  Accordingly, the Court recommends that Defendant's motion to dismiss
5  on this basis be denied.

6  **C.  Plaintiff's Retaliation Claim**

7  Defendant argues that Plaintiff's retaliation claim fails as a matter of law because
8  Plaintiff filed his EEOC charge after he was asked to resign.  Defendant contends that Plaintiff's
9  termination could not have been retaliatory in response to the EEOC charge.

10  However, the precise date when Plaintiff filed his EEOC charge does not appear in his
11  Third Amended Complaint.  Defendant attempts to establish the date of the EEOC via extrinsic
12  evidence, which the Court may not consider on a motion to dismiss.  See Lee v. City of Los
13  Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

14  Moreover, even if Plaintiff filed his formal EEOC charge on May 26, 2010, as
15  Defendant's contend, Plaintiff alleges that he made informal complaints about discrimination and
16  threatened to contact the EEOC before then.  Title VII broadly prohibits retaliation against an
17  employee for opposing unlawful employment practices.  See 42 U.S.C. § 2000e-3(a).
18  Accordingly, Plaintiff could state a cognizable retaliation claim on the alternative basis that
19  Defendant retaliated against Plaintiff's informal complaints.  See Ray v. Henderson, 217 F.3d
20  1234, 1240 n.3 (9th Cir. 2000) (informal complaints constitute a protected activity under Title
21  VII).  These issues may be more appropriately addressed in a motion for summary adjudication
22  after the full extent of the facts are known to all.  Accordingly, the Court recommends that
23  Defendant's motion to dismiss on this basis be denied.

## IV.

### CONCLUSION AND RECOMMENDATION

26  Based upon the foregoing the Court finds that Plaintiff's Third Amended Complaint
27  states sufficient facts to demonstrate that this Court has jurisdiction and that Plaintiff exhausted
28  his administrative remedies prior to filing suit.  The Court further finds that Plaintiff states a

4

cognizable retaliation claim.

/ / /

It is HEREBY ORDERED that the hearing on Defendant's motion scheduled for February 26, 2014 is VACATED and taken off calendar. The parties need not appear at that time.

Further, it is HEREBY RECOMMENDED that Defendant's motion to dismiss be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 24, 2014**

UNITED STATES MAGISTRATE JUDGE