# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TIMOTHY LUCKEY, | Case No. 1:13-cv-00332-AWI-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| v. | |
| VISALIA UNIFIED SCHOOL DISTRICT, | ECF NO. 29 |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On April 29, 2014, Plaintiff Timothy Luckey filed a motion for summary judgment. (ECF No. 29.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.

For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied.

**I.**

**BACKGROUND**

The operative complaint in this action is the Third Amended Complaint filed by Plaintiff on September 26, 2013. (ECF No. 12.) Plaintiff is proceeding pro se in this action. Plaintiff alleges that his rights under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.) were violated by Defendant because Plaintiff was subjected to differential

1

treatment based upon his race (black) and his sex (male).

Plaintiff alleges that he was employed at Crestwood Elementary School within VUSD. Plaintiff contends that he was segregated and isolated from other staff and students by Jim Sullivan, the principal at Crestwood Elementary School and such treatment was based on Plaintiff's race and sex. Plaintiff complained to Jim Sullivan and to human resources about the differential treatment, but was reprimanded for his complaints. Plaintiff was given reduced work hours and eventually terminated, allegedly because Plaintiff threatened to file an EEOC complaint regarding the mistreatment.

On October 7, 2013, the Court screened Plaintiff's Third Amended Complaint and found that it stated a cognizable claim for retaliation under Title VII. (ECF No. 13.) On January 10, 2014, Defendants filed a motion to dismiss, which the Court denied on April 11, 2014. (ECF Nos. 16, 23.) On April 29, 2014, Plaintiff filed the present motion for summary judgment now before the Court. (ECF No. 29.)

## II.

## LEGAL STANDARDS FOR MOTIONS FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment ... if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id.

## III.

## DISCUSSION

Plaintiff's motion for summary judgment appears to be premature. The schedule conference in this matter has not yet occurred, discovery has not yet been scheduled and, to the

Court's knowledge, the parties have not yet exchanged initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

Moreover, analyzing the substance of Plaintiff's motion, the Court finds that Plaintiff has not demonstrated entitlement to summary judgment. Plaintiff's Second Amended Complaint stated claims under Title VII for discrimination on the basis of race and sex as well as for retaliation for filing a complaint with the EEOC. Plaintiff's motion for summary judgment does not demonstrate the absence of a genuine dispute regarding whether Plaintiff's termination and adverse treatment was motivated by Defendant's discriminatory or retaliatory animus. In fact, Plaintiff's motion for summary judgment acknowledges that Plaintiff received a negative evaluation from Defendant, which supports the inference that Plaintiff's termination was not motivated by discriminatory or retaliatory animus.

Plaintiff's motion for summary judgment also attempts to rely on the fact that Defendant has "failed to acknowledge" a number of facts listed throughout the motion. Whether a Defendant "acknowledges" a particular fact is immaterial to the issue of whether or not that particular fact is disputed. In order to prevail on a motion for summary judgment, Plaintiff must demonstrate that the facts are not in dispute and those undisputed facts show that Plaintiff is entitled to judgment in his favor. In other words, the evidence must unequivocally support Plaintiff's version of the facts and no reasonable fact finder would find any material fact in Defendant's favor. Plaintiff's motion does not demonstrate that the facts are not in dispute, as it is facially evident that there is a dispute regarding whether Defendant's actions were motivated by Plaintiff's race, sex or EEOC complaint, or whether Defendant's actions were motivated by Plaintiff's poor work performance.

Plaintiff also discusses a number of requests for admission that Defendant apparently sent to Plaintiff. This discussion has no readily apparent relevance to Plaintiff's motion for summary judgment. Plaintiff is advised that discovery, as a general matter, occurs without court supervision. Accordingly, whether or not Plaintiff admits or refuses to admit the facts stated in the requests for admission is an issue Plaintiff can address in his response to Defendant's discovery request, not in a motion to the Court.

For the foregoing reasons, the Court finds that Plaintiff is not entitled to summary judgment.

### IV.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the Court finds that Plaintiff has not demonstrated entitlement to summary judgment on any of his claims.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 23, 2014**

UNITED STATES MAGISTRATE JUDGE

4