# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No.  1:13-cv-00332-AWI-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>ECF NO. 42 |

On December 8, 2014, Defendant Visalia Unified School District ("Defendant" or "VUSD") filed a motion to compel Plaintiff Timothy Luckey ("Plaintiff") to submit to an oral deposition. (ECF No. 42.) Defendant also seeks sanctions for Plaintiff's failure to appear at two previously noticed depositions.

Plaintiff's opposition was due on December 24, 2014.  To date, Plaintiff has not filed any opposition to Defendant's motion to compel.  Accordingly, pursuant to Local Rule 230(c), Plaintiff is not entitled to be heard in opposition to Defendant's motion at oral argument. Therefore, the Court finds it appropriate for the motion to be submitted upon the record and briefs on file and the hearing set for January 7, 2015 will be vacated.  <u>See</u> Local Rule 230(g). The parties shall not appear at that time.

For the reasons set forth below, the Court grants Defendant's motion to compel.

/ / /

## I.

## BACKGROUND

The operative complaint in this action is the Third Amended Complaint filed by Plaintiff on September 26, 2013. (ECF No. 12.) Plaintiff is proceeding pro se in this action. Plaintiff alleges that his rights under Title VII of the Civil Rights Act of 1964 (codified as 42 U.S.C. § 2000e, et seq.) were violated by Defendant because Plaintiff was subjected to differential treatment based upon his race (black) and his sex (male). Visalia Unified School District is the sole defendant in this action. Plaintiff alleges that he was employed at Crestwood Elementary School within VUSD. Plaintiff contends that he was segregated and isolated from other staff and students by Jim Sullivan, the principal at Crestwood Elementary School and such treatment was based on Plaintiff's race and sex. Plaintiff complained to Jim Sullivan and to human resources about the differential treatment, but was reprimanded for his complaints. Plaintiff was given reduced work hours and eventually terminated, allegedly because Plaintiff threatened to file an EEOC complaint regarding the mistreatment.

Defendant filed the present motion to compel on December 8, 2014. (ECF No. 42.) Defendant contends that they duly noticed a deposition of Plaintiff scheduled to occur on September 16, 2014. This deposition was later rescheduled to October 13, 2014. Plaintiff did not appear for his own deposition on October 13, 2014.

Defendant sent a letter to Plaintiff regarding the failure to appear and received no response. Defendant scheduled another deposition for November 10, 2014. Plaintiff did not appear at the second deposition. Defendant sent a letter to Plaintiff informing Plaintiff that the present motion to compel would be forthcoming. Defendant received no response to this letter. Defendant now seeks an order compelling Plaintiff's attendance at a deposition and for sanctions.

///
///
///
///

2

## II.

## LEGAL STANDARDS FOR DEPOSITIONS AND MOTIONS TO COMPEL

Federal Rule of Civil Procedure 30 governs oral depositions and states, in pertinent part:

> **(a) When a Deposition May Be Taken.**
> **(1)** *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).[1] The deponent's attendance may be compelled by subpoena under Rule 45.
> ...
> **(d) Duration; Sanction; Motion to Terminate or Limit.**
> ...
> **(2)** *Sanction.* The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Motions to compel are governed by Federal Rule of Civil Procedure 37. Rule 37 states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1)** *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> ...
> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
> **(1) In General.**
> **(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
> (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
> **(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
> **(2) Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a

---

[1] There is no indication that any of the circumstances provided for in Rule 30(a)(2) apply with respect to Plaintiff's deposition.

>pending motion for a protective order under Rule 26(c).
>**(3) Types of Sanctions.** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

## III.

## DISCUSSION

Defendant's motion demonstrates that Defendant attempted to depose Plaintiff on two separate dates and Plaintiff failed to appear at his own deposition both times.  (<u>See</u> Decl. of Ryan T. Nelson in Supp. of Mot. for Order Compelling Pl. to Submit to an Oral Deposition; and Sanctions ("Nelson Decl."), at pg. 2.)  Defendant's motion further demonstrates that Defendant attempted to confer with Plaintiff in good faith in an effort to obtain Plaintiff's cooperation without court action.  (<u>See</u> Nelson Decl., at pp. 2-3.)  Plaintiff's failure to attend his duly scheduled deposition appears to be unexcused, as Plaintiff has not filed any type of opposition to Defendant's motion to compel.  Accordingly, the Court will grant Defendant's motion to compel and order Plaintiff to pay Defendant's reasonable expenses, including attorney's fees.

Defendant's motion identifies expenses which include $350.00 in attorney's fees and $95 in court reporter costs, which were incurred as a result of Plaintiff's nonappearance.  (<u>See</u> Nelson Decl, at pg. 3.)  Defendant indicated that the attorney's fees consisted of one hour, at a rate of $175.00 per hour, to prepare the motion to compel and an anticipated one hour attending the hearing on the motion to compel.  Since the Court deemed it appropriate to rule on the motion to compel on the briefs and no hearing was held, the Court will award only one hour in attorney's fees as a sanction.  Thus, the total sanctions awarded will be $270.00.

The Court will order Plaintiff to attend his own deposition, set at a future date and time by Defendant.  Plaintiff is forewarned that failure to comply with this order will result in further sanctions, including but not limited to dismissal of Plaintiff's claims or any of the other sanctions enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vi).

/ / /

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff failed to appear at his own deposition and that failure was unexcused.

Accordingly, it is HEREBY ORDERED that:

1. The hearing scheduled for January 7, 2015 is VACATED;
2. Defendant's motion to compel is GRANTED;
3. Plaintiff shall attend a deposition at a future date and time properly noticed by Defendant;
4. Plaintiff shall pay Defendant $270.00 in expenses;
5. Plaintiff is forewarned that failure to comply with this order and future failure to comply with discovery obligations will result in further sanctions, which may include dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 30, 2014**

UNITED STATES MAGISTRATE JUDGE