# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LUCKEY,<br><br>  Plaintiff,<br><br>  v.<br><br>VISALIA UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | Case No.  1:13-cv-00332-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED WITHOUT PREJUDICE<br><br>ECF NO. 47<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

On February 5, 2015, Plaintiff Timothy Luckey ("Plaintiff") filed a motion for summary judgment. (ECF No. 47.) The motion was referred to the undersigned magistrate judge for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72. (ECF No. 49.)

Plaintiff's motion is procedurally defective. On August 20, 2014, the Court issued the Scheduling Order in this matter. The Scheduling Order mandated that any party who files a motion for summary judgment must meet and confer with the opposing party to discuss the issues raised in the motion and to arrive at a Joint Statement of Undisputed Facts. (Scheduling Order, at pg. 5:13-21.) Any party filing a motion for summary judgment must file a Joint Statement of Undisputed Facts and certify that the parties met and conferred prior to filing the motion. (Scheduling Order, at pg. 5:22-27.)

1

1       Plaintiff did not file a Joint Statement of Undisputed Facts. Plaintiff did file a "New
2  Statement Of Undisputed Material Fact" which indicates that Plaintiff spoke with Defendant's
3  counsel regarding a potential motion for summary judgment. However, it does not appear that
4  the parties made any attempt to draft a Joint Statement of Undisputed Facts.

5       Further, Local Rule 260(a) requires the Statement of Undisputed Facts to enumerate
6  **discretely** (i.e., separately and distinctly) each of the specific material facts and cite the
7  particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or
8  other document relied upon to establish that fact.

9       Plaintiff's New Statement of Undisputed Material Fact is simply a rambling narrative hat
10 fails to establish the elements of his claims. The "facts" stated therein are not enumerated
11 **discretely**. There are no citations to the particular portions of the evidence which supports each
12 discretely enumerated fact. Accordingly, it fails to comply with Local Rule 260(a).

13      While the Court denies Plaintiff's motion without prejudice on procedural grounds, it is
14 worth nothing that based upon the Court's cursory review of the motion, it appears that the
15 evidence submitted by Plaintiff in support of his motion for summary judgment is insufficient to
16 support a motion for summary judgment. Plaintiff appears to misunderstand the summary
17 judgment process. Motions for summary judgment are appropriate in circumstances where there
18 is no genuine dispute between the parties regarding the facts of the case. Plaintiff's own
19 evidence shows there is a dispute between Plaintiff and Defendant regarding the facts of this
20 case. Plaintiff believes he was terminated and retaliated against due to his race. Plaintiff's own
21 evidence shows that Defendant believes that Plaintiff was terminated due to neglect of duty,
22 insubordination, willful disobedience, violation of rules, policies procedures, and other "failure
23 of good behavior." Clearly there is a dispute between the parties regarding the facts. Without
24 expressing an opinion one way or another regarding the facts, it is clear that the facts are in
25 dispute and Plaintiff's claims must be resolved by trial, not by the summary judgment process.

26      As discussed above, the Court denies Plaintiff's motion on procedural grounds because it
27 does not appear that the parties complied with the Court's order to meet and confer.
28 Furthermore, Plaintiff did not comply with Local Rule 260's requirements with respect to

motions for summary judgment and the formatting of the Statement of Undisputed Facts. The Court denies Plaintiff's motion without prejudice to Plaintiff's right to refile a motion for summary judgment which satisfies the requirements established in the Court's Scheduling Order and the Local Rules.

Based upon the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be DENIED without prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 24, 2015**

UNITED STATES MAGISTRATE JUDGE